ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ALMA D. HERNÁNDEZ CASTRO<br><br>Recurrida<br><br>v.<br><br>JORGE JANER<br><br>Peticionario | TA2025CE00675 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJL-121-2025-5178<br><br>Sobre: Protección de adultos(as) mayores (Ley 121) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2026.

Compareció el Sr. Jorge Janer (en adelante, "señor Janer" o "peticionario") mediante recurso de *Certiorari* presentado el 25 de octubre de 2025. Nos solicitó la revocación de la *Orden de protección para el adulto mayor (ex parte)* dictada el 7 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Municipal de San Juan (en adelante, "foro de instancia").

Por los fundamentos que expondremos a continuación, **se desestima** por académico el auto de *Certiorari*.

**-I-**

El 9 de julio de 2025, la Sra. Alma Delia Hernández Castro (en adelante, "señora Hernández Castro") instó una *Petición de orden de protección para el adulto mayor.* Alegó que era la administradora del Condominio Mar de Isla Verde ubicado en Carolina, Puerto Rico, en el cual el señor Janer es titular de un apartamento. Sin embargo, aclaró que el señor Janer no reside en dicho apartamento. Adujo que el señor Janer ha visitado su oficina en varias ocasiones con actitud hostil. Manifestó, además, que algunas de estas actitudes consisten

en tirar la puerta, cuestionar su trabajo y proferirle la palabra "charlatana".

Ese mismo día, 9 de julio de 2025, el foro de instancia expidió la *Orden de protección para el adulto mayor (ex parte)* contra el señor Janer y señaló vista presencial para el 21 de agosto de 2025.

Tras un diligenciamiento negativo de la referida citación dirigida al señor Janer, el 21 de agosto de 2025, el foro de instancia extendió la vigencia de la orden de protección y reseñaló la vista presencial para el 7 de octubre de 2025.

El 7 de octubre de 2025, el foro de instancia emitió una *Orden* en la que requirió a la señora Hernández Castro mostrar causa por la cual no compareció a la vista. A su vez, extendió la vigencia de la orden de protección y reseñaló la vista presencial para el 2 de diciembre de 2025.

Inconforme con lo anterior, el 25 de octubre de 2025, el señor Janer acudió ante este Tribunal mediante el recurso de epígrafe en el cual señaló los errores siguientes:

A. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ASUMIR JURISDICCION SOBRE EL PETICIONARIO, A PESAR DE QUE NO HUBO UNA NOTIFICACIÓN APROPIADA CONFORME A LOS ARTÍCULOS 12 Y 15 DE LA LEY 121-2019.

B. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EXTENDER LA ORDEN DE PROTECCIÓN *EX PARTE* CONTRA EL PETICIONARIO HASTA EL 2 DE DICIEMBRE DE 2025, EN CLARA VIOLACIÓN DEL ARTÍCULO 13 DE LA LEY 121-2019.

Transcurrido el término concedido a la señora Hernández Castro para que efectuara el pago de derechos arancelarios, sin cumplir con ello, damos por perfeccionado el recurso conforme a las Reglas 37 y 72 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 60 y 100, 216 DPR __ (2025).

**-II-**

**A. Academicidad**

El principio de justiciabilidad establece que los tribunales podemos evaluar los méritos de los casos si existe una controversia real y genuina entre las partes. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022). En ese sentido, los tribunales estamos llamados a intervenir solo en casos justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017). Así pues, se considera que una controversia no es justiciable cuando:

> (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) *hechos posteriores al comienzo del pleito han tornado la controversia en académica*; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro.

*Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021) (énfasis en el original).

Como se observa, la doctrina de academicidad es una de las instancias de las justiciabilidad. *Íd.* Se considera que un caso es académico cuando se intenta obtener: (i) un fallo sobre una controversia disfrazada, que en realidad no existe, (ii) una determinación de un derecho antes de que éste haya sido reclamado o (iii) una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *Íd.,* pág. 816. Igualmente, una controversia es académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, es decir, la controversia deja de estar viva y presente. *Díaz Díaz v. Asoc. Res. Quintas San Luis,* 196 DPR 573, 578 (2016). Como norma general, cuando la controversia se torna académica en etapa apelativa, los foros revisores estamos obligados a: (1) desestimar el recurso ante nuestra consideración, (2) dejar sin efecto el dictamen del foro primario y (3) devolver el caso al foro primario con instrucciones de que se desestime la demanda. *Íd.*

Cónsono con lo anterior, la Regla 83 (B)(5) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs. 116-117, 216 DPR ___ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción por tornarse académico.  De esa forma, si al hacer el análisis, el tribunal concluye que la controversia es académica y no restan otros asuntos ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia.  *Super Asphalt v. AFI y otro*, supra, pág. 816; *Díaz Díaz v. Asoc. Res. Quintas San Luis*, supra, pág. 578.

Ahora bien, existen excepciones a la doctrina de academicidad que permiten la consideración de un caso que de otro modo sería académico, a saber:

> (1) cuando se plantea una *cuestión recurrente* que, por su naturaleza, se hace muy difícil dilucidarla nuevamente en los tribunales; (2) cuando la situación de hechos ha sido cambiada por el demandado pero no tiene visos de permanencia; (3) cuando las controversias aparentemente son académicas, pero que en realidad no lo son por sus *consecuencias colaterales*; y (4) cuando el tribunal ha certificado un pleito de clase y la controversia se tornó académica para un miembro de la clase, mas no para el representante de la misma.

*RBR Const., SE v. AC,* 149 DPR 836, 846 (1999) (énfasis en el original).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para disponer del recurso de autos.

**-III-**

Tras examinar los autos originales del caso de epígrafe, nos percatamos que el foro de instancia celebró una vista el 2 de diciembre de 2025 con la comparecencia de ambas partes. A su vez, consta en el expediente que ese mismo día, 2 de diciembre de 2025, el foro de instancia emitió una *Resolución sobre archivo de petición u orden de protección* mediante la cual denegó la solicitud de orden de protección presentada por la señora Hernández Castro.  Siendo

así, resulta evidente que ocurrieron cambios fácticos que tornaron ficticia la controversia ante nuestra consideración.

Por tanto, conforme a la normativa que expusimos previamente, una vez determinamos que el recurso es académico, debemos de abstenernos de considerarlo en sus méritos.

**-IV-**

Por los fundamentos previamente expuestos, se **desestima** por académico el auto de *Certiorari.* En consecuencia, se ordena que se devuelvan los autos originales al Tribunal de Primera Instancia que obtuvimos en calidad de préstamo.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones